UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLIN EQUITIES CORP., CARLIN FINANCIAL  :   07 Civ. 359 (SHS)
GROUP, INC., RONALD SHEAR and JEREMY      :
FROMMER,                                                              :
                                                                              :
                          Plaintiffs,                              :
                                                                              :   OPINION & ORDER
           -against-                                              :
                                                                              :
MAYER OFFMAN,                                              :
                                                                              :
                          Defendant.                           :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Plaintiffs – Carlin Equities Corp. ("Carlin"), Carlin Financial Group, Inc. ("CFGI"), Ronald Shear and Jeremy Frommer (collectively "the Carlin Parties") – bring this action against Mayer Offman – a former Carlin shareholder – pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a declaration that the sale of CFGI's brokerage business did not violate Offman's rights under the federal securities laws and various provisions of state law.  Offman has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, to dismiss or stay the action pursuant to the doctrine of abstention.  Offman's motion is denied.  The Court has subject matter jurisdiction over this action pursuant to Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556 (2d Cir. 1991): an "actual controversy" exists because defendant's statement that he would not bring a federal securities litigation in the future is not binding on him.  In addition, the abstention principles relied on by Offman to seek dismissal or a stay of this action do not carry the day.

1

**I.     BACKGROUND**

Carlin and CFGI are affiliated companies operating in the securities industry. (Aff. of Stuart I. Friedman dated Apr. 11, 2007 ("Friedman Aff.") at ¶ 2.) Offman owned a 31% interest in Carlin until 2005, when he sold his stock to plaintiffs Shear, Frommer, and others. (See Declaration of Jonathan Rogin dated Mar. 28, 2007 ("Rogin Decl.") at ¶ 2; Friedman Aff. at ¶ 3.) In January 2007, the Royal Bank of Canada ("RBC") purchased CFGI's brokerage business. (Compl. ¶ 9.) A few months prior to the completion of that transaction, Offman learned of the pending RBC acquisition and, in a series of letters, questioned whether he had received adequate disclosure of negotiations between Carlin and RBC that he believed were taking place prior to the sale of his stake in Carlin. (Rogin Decl. at ¶¶ 2, 4; Friedman Aff. at ¶¶ 5-6.)

On November 30, 2006, Offman filed suit against the Carlin Parties in New York Supreme Court, New York County, alleging fraud, breach of fiduciary duty, breach of contract, rescission, and violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder. The action was then removed to federal court on the grounds that Offman's complaint included a federal securities claim. Five days after its removal – January 16, 2007 – Offman voluntarily dismissed the removed action. The next day, the Carlin Parties brought this action pursuant to the Declaratory Judgment Act, seeking a declaration of non-liability to Offman with respect to the RBC transaction. One day later, Offman filed another suit in state court containing the same state-law claims as those pressed in the November 30, 2006 action, but not asserting any federal securities claims. (Rogin Decl. at ¶ 7;

Friedman Aff. at ¶ 14.) Offman then filed this motion to dismiss plaintiffs' declaratory judgment action.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. *Legal Standard*

A motion to dismiss for lack of subject matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1) will be granted "when the district court lacks the statutory or constitutional power to adjudicate" the action. Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotation marks omitted). In deciding the motion, the party asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists, and the court can refer to evidence outside the pleadings to the issue. Id. at 496-97.

#### 2. *Offman's Motion to Dismiss*

Offman contends that this action fails to satisfy the Declaratory Judgment Act's requirement that an "actual controversy" exist, 28 U.S.C. § 2201, due to Offman's declaration of March 28, 2007 in which he pledges "never [to] sue or assert any claim against any of the Carlin Parties for any federal securities law violation," (Declaration of Mayer Offman dated March 28, 2007 ("Offman Decl.") at ¶ 3).[1] Offman maintains that this declaration extinguished the federal-law controversy between the parties by

---

[1] The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

3

rendering that controversy "moot," and on that basis, urges this Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

        *3.*      *The Court Has Subject Matter Jurisdiction over this Action.*

Offman's position is in direct conflict with the holding of the U.S. Court of Appeals for the Second Circuit in Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556 (2d Cir. 1991).

In Kidder, an investment bank – Kidder, Peabody – brought a declaratory judgment action seeking a determination that it was not liable to a former client – Maxus Energy – under sections 10(b) and 14(e) of the Securities Exchange Act of 1934. The basis for the action was Maxus Energy's representation that it intended to sue Kidder, Peabody for disclosing material non-public information. Kidder, 925 F.2d at 559. In fact, Maxus Energy filed the threatened suit in state court on the same day that Kidder, Peabody filed its declaratory judgment action. Id. Maxus Energy then moved to dismiss Kidder, Peabody's federal action for lack of subject matter jurisdiction. Id. at 560. In support of its motion, Maxus Energy represented "on several occasions to the [district] court that neither it nor Maxus Corporate ever would assert any claims under sections 10(b) or 14(e) of the [Securities Exchange] Act against Kidder . . . ." Id. Judge Milton Pollack of the Southern District of New York denied Maxus Energy's motion.

On appeal, the Second Circuit affirmed Judge Pollack's ruling, finding that "a live controversy existed at all times" between Kidder, Peabody and Maxus Energy. Id. at 562. The Court observed that the "real threat of litigation" provided a proper basis for Kidder, Peabody to commence a declaratory judgment action, id., and that Maxus Energy's representations that it would never assert federal securities claims did not

4

deprive the district court of subject matter jurisdiction, id. at 563.  In particular, the Second Circuit rejected Maxus Energy's "attempts to unilaterally bar Kidder's claims for declaratory relief simply by representing that it will not bring an action under the federal securities laws."  Id.  The court distinguished situations where parties enter into a settlement or other form of "binding, judicially enforceable agreement" on one hand from Maxus Energy's unilateral representation on the other.  Id.  The former would "inarguably . . . moot" an action, while the latter was not a "binding, judicially enforceable agreement."  Id.  In the absence of a binding agreement, the Second Circuit held that "[a] judicial declaration that Maxus is barred from asserting the 1934 Act claims would both settle the matter between these parties once and for all and dispel all uncertainty regarding the liability of Kidder for these claims."  Id.

       The declaratory judgment action before this Court presents a nearly identical set of facts to those in Kidder.  Offman threatened to sue – and ultimately in fact did sue – the Carlin Parties for claims arising in part under the federal securities laws.  While Offman voluntarily dismissed that action after it was removed to federal court, the Carlin Parties claim to have feared that Offman would reassert some of his claims in another state action.  (Compl. ¶ 14.)  Rather than face piecemeal litigation, the Carlin Parties brought this action.  (Id.)  In response, Offman unilaterally declared his intention to forgo any relief available under the federal securities laws and filed a motion to dismiss on that basis.  In all material respects, this is the same factual scenario that the Second Circuit addressed in Kidder.

       Offman does not point the Court to any aspect of this litigation that would cause it to fall outside of the Kidder holding.  Instead, Offman relies on the U.S. Court of Appeals

5

for the Federal Circuit's "reasonable apprehension of suit" test to explain why this declaratory judgment action must be dismissed.  Applying that test, Offman contends that his March 28 declaration filed in support of this motion to dismiss the complaint has eliminated any "reasonable apprehension of suit" that may have resulted from his prior actions.

This argument is unpersuasive for two reasons.  First, the "reasonable apprehension of suit" test was developed by the Federal Circuit for use in declaratory judgment actions requesting a declaration of patent non-infringement or invalidity.  See Teva Pharms. USA, Inc. v. Pfizer Inc., 395 F.3d 1324, 1332 (Fed. Cir. 2005).  The dispute between the Carlin Parties and Offman, however, arises under federal securities law, not patent law.  Second, the Federal Circuit has abandoned the "reasonable apprehension of suit" test in light of MedImmune, Inc. v. Genentech, Inc., 549 U.S. __, 127 S. Ct. 764, 774 n.11, 166 L. Ed. 2d 604 (2007), a recent U.S. Supreme Court precedent.  See SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380 (Fed. Cir. 2007) ("The Supreme Court's opinion in MedImmune represents a rejection of our reasonable apprehension of suit test.").  As a result, the "reasonable apprehension of suit" test does not govern the justiciability of this action.

Thus, there is no relevant distinction between the facts in this case and those presented to the Second Circuit in Kidder.  Accordingly, Offman's attempt to "unilaterally bar" plaintiffs' action "by representing that [he] will not bring an action under the federal securities laws," Kidder, 925 F.2d at 563, does not deprive this Court of subject matter jurisdiction over the action, and Offman's motion to dismiss the complaint for lack of subject matter jurisdiction is therefore denied.

B.   Defendant's Abstention-Based Arguments for a Dismissal or Stay Are Unavailing.

Offman has also moved to dismiss or stay this action pursuant to the doctrine of abstention as developed by the U.S. Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). In Brillhart, an insurance company brought an action in federal court to obtain a declaration of non-liability on a reinsurance contract. Brillhart, 316 U.S. at 492. The district court dismissed that action – which raised only state-law claims – due to the existence of pending state garnishment proceedings covering the same dispute. Id. at 493-94. That dismissal was reversed on appeal. Id. at 494. The Supreme Court in an opinion by Justice Felix Frankfurter, however, reversed the appellate determination and remanded the matter to the district court, observing "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. On remand, the district court was instructed to determine whether "the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id.

Over a half century later, the Supreme Court reiterated the vitality of the Brillhart holding in Wilton. See Wilton, 515 U.S. at 286. Here, the Supreme Court concluded that a district court acted within its discretion by staying a declaratory judgment action "where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." Id. at 290. The Wilton holding, however, does not

7

"delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." Id. Thus, the Wilton Court did not pass on the issue facing this Court, i.e., whether a district court possesses sufficient discretion to dismiss or stay a declaratory judgment action that raises both federal and state law questions in favor of parallel state-court proceedings.

Assuming arguendo that Brillhart and Wilton apply here, this Court will not exercise its discretion to stay or dismiss this suit. Brillhart and Wilton instruct district courts to consider whether disputes "can better be settled in . . . proceeding[s] pending in . . . state court" when deciding whether to entertain a declaratory judgment action. Brillhart, 316 U.S. at 495. Among the factors that a court should evaluate when making this determination is "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state-court] proceeding." Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495). In the instant case, they cannot. Among the issues raised by the Carlin Parties in this action is their potential liability to Offman under the Securities Exchange Act. That issue cannot be resolved in the state-court proceedings initiated by Offman, because federal courts have exclusive jurisdiction over suits brought pursuant to the Securities Exchange Act. See 15 U.S.C. § 78aa. Therefore, the state court action does not provide a forum for resolving all of the claims at issue in the dispute between Offman and the Carlin Parties. Accordingly, the Court will not exercise its discretion pursuant to Brillhart and Wilton to dismiss or stay this action.

### III.   CONCLUSION

This Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act and, in its discretion, will neither decline jurisdiction nor stay

8

this action in favor of the currently pending state-court proceedings. Accordingly, Offman's motion to dismiss the complaint or stay this action is denied.


Dated: New York, New York
       August 21, 2007

SO ORDERED:

*/s/ Sidney H. Stein*
Sidney H. Stein, U.S.D.J.